IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GLENDA STRATMAN,

    Plaintiff,

vs.

PREMIER REALTY GROUP,
INC., a Florida Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, GLENDA STRATMAN, sues Defendant, PREMIER REALTY GROUP, INC., and shows:

### Introduction

1. This is an action by GLENDA STRATMAN against her former employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, GLENDA STRATMAN, (hereinafter "STRATMAN") a resident of St. Lucie County, Florida, was at all times material, employed by PREMIER REALTY GROUP, INC. as a processor for Defendant's real estate brokerage, was an employee as defined by 29

U.S.C. § 203 (e), and during her employment with Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

5. Defendant, PREMIER REALTY GROUP, INC. (hereinafter, "PREMIER REALTY GROUP"), is a Florida Corporation doing business in Martin County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the offices where STRATMAN was employed. At all times pertinent to this Complaint, PREMIER REALTY GROUP operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and PREMIER REALTY GROUP obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6. Since October, 2013, Defendant PREMIER REALTY GROUP has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically STRATMAN, since October 2013, has worked in excess of 40 hours a week most weeks of her employment, and was not compensated for the work in excess of 40 hours at a

rate not less than one and one-half times the regular rate at which she was employed, in that the Defendant would only pay her a "salary" that was based on an hourly rate of $18.75 per hour for only 40 hours per week..

7. The failure to pay overtime compensation to STRATMAN is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

8. PREMIER REALTY GROUP's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and STRATMAN's status as non-exempt, but chose not to pay her in accordance with the Act.

9. STRATMAN is entitled pursuant to 29 U.S.C. § 216(b), to recover from PREMIER REALTY GROUP:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, GLENDA STRATMAN, prays that this court will grant judgment against Defendant PREMIER REALTY GROUP:

    a. awarding STRATMAN payment of overtime compensation found by the court to be due to her under the Act;

    b. awarding STRATMAN an additional equal amount as liquidated damages;

    c. awarding STRATMAN her costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: October 25, 2016
Plantation, Florida

                                       Respectfully submitted,

                                       s/Robert S. Norell
                                       Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                       E-Mail: rob@floridawagelaw.com
                                       ROBERT S. NORELL, P.A.
                                       300 N.W. 70th Avenue
                                       Suite 305
                                       Plantation, Florida 33317
                                       Telephone: (954) 617-6017
                                       Facsimile: (954) 617-6018
                                       Counsel for GLENDA STRATMAN